A TRUE COPY-ATTEST
THOMAS G. BRUTON, CLERK
By: s/ G. YOUNG
DEPUTY CLERK
U.S. DISTRICT COURT, NORTHERN
DISTRICT OF ILLINOIS
August 5, 2022

Presiding Judge: Rebecca R. Pallmeyer
Magistrate Judge: Maria Valdez
Filed Date: 8/5/22
Lead Case No. 22cv71
gcy

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: ABBOTT LABORATORIES, ET AL.,
PRETERM INFANT NUTRITION PRODUCTS
LIABILITY LITIGATION

MDL No. 3026

**FILED**
**Aug 08, 2022**
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

### TRANSFER ORDER

**Before the Panel:**[*] Plaintiffs in the five actions listed on the attached Schedule A move under Panel Rule 7.1 to vacate the Panel's orders conditionally transferring their actions to MDL No. 3026. Defendant Abbott Laboratories, Inc., opposes the motions.

After considering the arguments of counsel, we find that these actions involve common questions of fact with the actions previously transferred to MDL No. 3026, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Moreover, transfer is warranted for the reasons set forth in our order directing centralization. In that order, we held that the Northern District of Illinois was an appropriate Section 1407 forum for actions sharing factual questions arising from allegations that cow's milk-based infant formula products marketed under the Similac (Abbott) and Enfamil (Mead Johnson) brand names have a higher propensity to cause necrotizing enterocolitis (NEC) in infants born prematurely than other, allegedly safer alternatives. *See In re Abbott Laboratories, et al., Preterm Infant Nutrition Prods. Liab. Litig.*, ___ F. Supp. 3d ___, 2022 WL 1053663 (J.P.M.L., Apr. 8, 2022). The five cases now before us fall within the MDL's ambit because they involve injuries arising from plaintiffs' ingestion of cow's milk-based preterm infant formulas manufactured by Abbott Laboratories and/or Mead Johnson.

Plaintiffs move to vacate the conditional transfer orders by arguing principally that federal jurisdiction is lacking over their cases.[1] We are not persuaded by this argument. The Panel has

---

[*] Judge Roger T. Benitez took no part in the decision of this matter.

[1] Plaintiffs' arguments appear to be based on the assumption that their motions to remand their actions to state court are likely to be granted. However, "Section 1407 does not empower the MDL Panel to decide questions going to the jurisdiction or the merits of a case, including issues relating to a motion to remand." *See In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990).

held that such jurisdictional objections generally do not present an impediment to transfer.[2]  *See, e.g., In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347 (J.P.M.L. 2001) ("[R]emand motions can be presented to and decided by the transferee judge.").  Plaintiffs argue that transfer inevitably will delay a ruling on their motions to remand.  Plaintiffs' concerns about delay are unfounded.  The transferee judge has ruled on multiple motions to remand in the short time since the litigation was centralized.

       IT IS THEREFORE ORDERED that these actions are transferred to the Northern District of Illinois and, with the consent of that court, assigned to the Honorable Rebecca R. Pallmeyer for inclusion in the coordinated or consolidated pretrial proceedings.

                      PANEL ON MULTIDISTRICT LITIGATION

                       /s/ Karen K. Caldwell
                       Karen K. Caldwell
                       Chair

| Nathaniel M. Gorton | Matthew F. Kennelly |
| David C. Norton | Dale A. Kimball |
| Madeline Cox Arleo | |

---

[2]  Moreover, under Panel Rule 2.1(d), the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending.  Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court generally has adequate time to rule on a remand motion if it chooses to do so.

IN RE: ABBOTT LABORATORIES, ET AL.,
PRETERM INFANT NUTRITION PRODUCTS　　　　　　MDL No. 3026
LIABILITY LITIGATION

## SCHEDULE A

Eastern District of California

22cv4115　　PARIANI v. MEAD JOHNSON & COMPANY, LLC, ET AL., C.A. No. 2:22−00723
22cv4116　　LAFOND, ET AL. v. MEAD JOHNSON & COMPANY, LLC, ET AL., C.A. No. 2:22−00724

Northern District of California

22cv4117　　THOMAS, ET AL. v. MEAD JOHNSON & COMPANY, LLC, ET AL., C.A. No. 4:22−02460
22cv4118　　TRACY, ET AL. v. MEAD JOHNSON & COMPANY, LLC, ET AL., C.A. No. 4:22−02480
22cv4120　　HARTWICK, ET AL. v. MEAD JOHNSON & COMPANY, LLC, ET AL., C.A. No. 4:22−02598